NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR HERNANDEZ-HERNANDEZ, | No. 21-70399 |
| Petitioner, | Agency No. A206-075-885 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Oscar Hernandez-Hernandez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of an appeal from

an Immigration Judge's ("IJ") denial of his applications for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the petition.

Where, as here, the BIA adopts and affirms the IJ's decision "and also provides its own review of the evidence and law" while citing *Matter of Burbano*, we review both the BIA's and IJ's decisions. *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023) (citation omitted). "We review the denial of asylum [and] withholding of removal . . . for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1.      Substantial evidence supports the agency's determination that Petitioner's harm did not rise to the level of past persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation omitted). Petitioner testified that he suffered a beating during an attempted robbery by unknown men, he was discriminated against in school, and he suffered "extreme poverty." However, these experiences, even taken together, do not compel a finding of past persecution. *See id.*, 9 F.4th at 1061–62 (noting that an isolated criminal incident does not rise to the level of persecution); *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) ("[M]ere economic disadvantage alone, does not rise to the level of persecution.") (citation omitted).

2

2.    Substantial evidence supports the agency's determination that Petitioner failed to establish a well-founded fear of future persecution on account of his Quiché ethnicity or his proposed particular social group ("PSG") of "poor indigenous Guatemalan youth deported to Guatemala."  Substantial evidence supports the agency's determination that Petitioner fears only generalized violence that is "too speculative to be credited as a basis for fear of future persecution." *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).[1]

3.    Substantial evidence also supports the agency's conclusion that Petitioner did not establish a well-founded fear of future persecution based on his membership in a "disfavored group."  In determining whether an asylum applicant has established a well-founded fear of persecution based on his membership in a disfavored group, we "look to (1) the risk level of membership in the group . . . and (2) the [noncitizen's] individual risk level." *Mgoian v. INS*, 184 F.3d 1029, 1035 n.4 (9th Cir. 1999).  Here, substantial evidence supports the agency's determination that, even if the Quiché are a "disfavored group," Petitioner failed to establish an "individualized risk of persecution." *See Lolong v. Gonzales*, 484

---

[1] In light of our conclusion that Petitioner did not establish past persecution or a well-founded fear of future persecution, we need not reach Petitioner's contention regarding whether he established membership in his PSG of "poor indigenous Guatemalan youth deported to Guatemala." *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted).

F.3d 1173, 1180 n.5 (9th Cir. 2007) (en banc) (asylum applicant must show that he faces a "unique risk of persecution . . . distinct from [his] mere membership in a disfavored group"); *see also Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) ("As we explained recently in the asylum context . . . *some* evidence of individualized risk is necessary for the petitioner to succeed.") (citing *Lolong*, 484 F.3d at 1179, 1181 n.6) (emphasis in original).

4.     Substantial evidence supports the agency's withholding of removal determination.  Failure to meet the lower standard for asylum necessarily means an applicant cannot meet the higher "clear probability" standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

**PETITION DENIED.**[2]

---

[2] Petitioner's motion to stay appellate proceedings, Dkt. 12, is denied as moot. Petitioner's motion to file a late Reply Brief, Dkt. 36, is granted.